## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| NARTICA S. GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.:  CV –08-AR-0975-S |
| ) | |
| DAZSER MANAGEMENT/JANI-KING ) | |
| OF BIRMINGHAM, JACKIE ) | |
| PERNELL, DAZSER-BHM CORP., ) | |
| JANI-KING FRANCHISING, INC., ) | |
| DAZSER-TPA CORP., DAZSER ) | |
| MANAGEMENT CORP., DAZSER/AL ) | |
| CORP., DAZSER-BHM PROPERTIES, ) | |
| LLC, JANI-KING, ) | |
| ) | |
| DEFENDANTS. ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Nartica Glover, and amends the Complaint as follows:

1. In the original Complaint filed on or about June 3, 2008, there is a scrivener's error in the style of the case before this Honorable Court.

2. Due to a clerical error Defendant Jani-King was not listed as a Defendant in the style of the Original Complaint and Exhibit "A" was

-1-

not attached. Throughout the body of the Original Complaint, the Defendant Jani-King is listed and referred to as a Defendant.

3. Plaintiff hereby amends the Complaint to correctly state Defendant Jani-King in the style of the Complaint and to attach Exhibit "A".

4. The Plaintiff, Nartica Glover, brings this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1988.

5. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

## JURISDICTIONAL ALLEGATIONS

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Additionally, this Court has jurisdiction pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

7. The Plaintiff, in compliance with 42 U.S.C. §§ 2000e et seq., filed a charge with the Equal Employment Opportunity Commission and on April 27, 2007, received a notice of right to sue dated March 6, 2008. A copy of said letter granting the right to sue is attached hereto,

marked Exhibit "A", and incorporated herein by reference.

8. The Plaintiff resides in the County of Montgomery, State of Alabama.

9. From June 1, 2006 until March 28, 2007, Plaintiff was employed by the Defendant, Dazser Management/Jani-King of Birmingham, in the State of Alabama. At all material times hereto, the Plaintiff was discriminated against based upon sex.

10. The Defendant, Dazser Management/Jani-King of Birmingham, Inc., (Dazser), upon information and belief, is qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

11. The Defendant, Dazser-BHM Corp., upon information and belief, is qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

12. The Defendant, Jani-King Franchising, Inc., upon information and belief, is qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

13. The Defendant, Dazser-Tpa Corp., upon information and belief, is

qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

14. The Defendant, Dazser Management Corp., upon information and belief, is qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

15. The Defendant, Dazser/AL Corp., upon information and belief, is qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

16. The Defendant, Dazser-BHM Properties, LLC, upon information and belief, is qualified to do business in the State of Alabama and was doing business in Jefferson County, Alabama at all times relevant to this lawsuit.

17. The Defendants are engaged in an industry affecting commerce, and has had in excess of 15 employees for each working day in each of 20 or more calendar weeks. The Defendant is therefore, an employer within the meaning of Section 701(b) of the Civil Rights Act of 1964

(42 U.S.C. §§ 2000e-(B)).

18. The Defendant, Jackie Pernell, is an individual who is over the age of nineteen and is a resident of the State of Alabama.

19. The Defendant, Jackie Pernell, at all material times hereto, was employed by the Defendants.

20. At all material times hereto, the Defendant, Jackie Pernell, acted within the scope of her employment as an agent and/or employee of the Defendants.

21. All of the Dazser LLCs and corporations are intertwined and managed, controlled, supervised and directed jointly and run by the same persons.

## FACTUAL ALLEGATIONS

22. From June 1, 2006, to March 28, 2007, Nartica Glover was an employee of the Defendants and worked in various capacities.

23. At all times herein, Nartica Glover performed her job responsibilities adequately and complied with the company's policies and procedures.

24. The conduct of the Defendants was reprehensible and was done wantonly, oppressively, intentionally, wrongfully, and maliciously

with the intent to do harm to Nartica Glover.

25. The Plaintiff has suffered embarrassment, humiliation, loss of wages and benefits and other damages.

26. During the employment of the Plaintiff by the Defendants, the Plaintiff had a relationship with Jackie Pernell, her supervisor.

27. The Plaintiff, in her capacity as an employee, was a subordinate to the Defendant, Jackie Pernell.

28. The Plaintiff was hired by the Defendants and maintained a relationship with Jackie Pernell.

29. During the course of her employment, Plaintiff's supervisor maintained a sexual relationship with the Plaintiff.

30. The Plaintiff terminated her personal relationship with the Defendant, Jackie Pernell, sometime after March 9, 2007.

31. At all times relevant hereto, Jackie Pernell was a supervisor of the Plaintiff.

32. Prior to terminating her relationship with Defendant, Jackie Pernell, Plaintiff received promotions and good reviews.

33. The Plaintiff was subsequently terminated from her employment solely because she ended her personal relationship with the Defendant.

34. Within days of ending the relationship with the Defendant, Jackie Pernell, Plaintiff began receiving negative reviews and was subsequently terminated.

35. It was unbeknownst to the Plaintiff that her employment was contingent on maintaining a relationship with the Defendant, Jackie Pernell.

36. In complete deprivation of Plaintiff's rights, her employment with the Defendant was dependent on maintaining a sexual relationship with the Defendant, Jackie Pernell.

37. The Plaintiff reported the relationship and the Defendant, Jackie Pernell's, conduct to the Defendants.

## COUNT I

### *SEXUAL DISCRIMINATION*

38. The Plaintiff readopts and realleges each and every preceding paragraph of the Complaint as if fully set forth herein.

39. The Plaintiff asserts that the Defendants wantonly, oppressively, intentionally and wrongfully discriminated against the Plaintiff on the basis of her sex, and terminated her employment solely because she

       would not continue a personal relationship with the Defendant, the result of which directly and proximately caused the Plaintiff to be injured.

**40.**    As a proximate result of Defendants actions, Plaintiff has suffered damages including, but not limited to lost wages, employee benefits, future income, future advancement, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff claims compensatory and punitive damages against the Defendants in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees, or other relief that may be granted by Statute.

## COUNT II

### *HOSTILE WORK ENVIRONMENT*

41.    The Plaintiff readopts and realleges paragraphs each and every preceding paragraph of the complaint as fully as if set forth herein.

42.    At all times subsequent to her termination of a personal relationship with her supervisor, Jackie Pernell, the Plaintiff was subjected to a hostile work environment. The Defendant, Jackie Pernell, continued to make sexual advancements towards the Plaintiff up until the time

the Plaintiff was terminated.

43. The above-described actions were so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

44. As a proximate result of Defendants actions, Plaintiff has suffered damages including, but not limited to lost wages, employee benefits, future income, future advancement, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims compensatory and punitive damages against the Defendants as a result of their combined and concurring wrongful acts in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees, or other relief that may be granted by Statute.

## COUNT III

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

45. The Plaintiff readopts and realleges paragraphs each and every preceding paragraph of the complaint as fully as if set forth herein.

46. The Defendants, by and through the actions described herein have intentionally inflicted emotional distress upon the Plaintiff.

47. The actions of the Defendants were done negligently, recklessly, intentionally and wantonly with intent to damage the Plaintiff.

48. The Plaintiff has suffered tremendous emotional distress and anxiety as a result of the Defendants' intentional acts.

49. As a proximate result of Defendants actions, Plaintiff has suffered damages including, but not limited to lost wages, employee benefits, future income, future advancement, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims compensatory and punitive damages against the Defendants as a result of their combined and concurring wrongful acts in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees, or other relief that may be granted by Statute.

### **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                         J. Gusty Yearout (YEA002)
                         ASB-6253-A43J
                         Attorney for Plaintiff
                         gyearout@yearout.net
                         YEAROUT & TRAYLOR, P.C.
                         800 Shades Creek Parkway, Suite 500
                         Birmingham, Alabama 35209
                         Telephone:   205.414.8160
                         Facsimile:    205.414.8199

                                                _____
William A. Yearout, Esq. (YEA010)
ASB-5456-Y58W
Attorney for the Plaintiff
byearout@yearout.net
YEAROUT & TRAYLOR, P.C.
800 Shades Creek Parkway, Suite 500
Birmingham, AL  35209
Telephone:   (205) 414-8160
Facsimile:    (205) 414-8199

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Dazser Management/
Jani-King of Birmingham
2550 Acton Rd., Suite 150
Birmingham, AL 35243

Dazser-BHM Corporation
c/o Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

Jani-King Franchising, Inc.
4950 Keller Springs Rd.
Suite 190
Dallas, TX 75248

Jackie Pernell
Cahaba River Parc
Apt. 611
Birmingham, AL 35243

Jani-King
16885 Dallas Parkway
Addison, TX 75001

Dazser-Tpa Corp.
c/o Stephen E. Roesch
2469 Sunset Point Rd., Ste. 200
Clearwater, FL 33765

Dazser Management Corp.
c/o Stephen E. Roesch
2469 Sunset Point Rd., Ste. 200
Clearwater, FL 33765

Dazser/AL Corp.
c/o Stephen E. Roesch
2600 McCormick Dr., Ste. 320
Clearwater, FL 34619

Dazser-BHM Properties, LLC
c/o Stephen E. Roesch
2469 Sunset Point Rd., Ste. 250
Clearwater, FL 33765