```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

NARTICA S. GLOVER,             }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    08-AR-0975-S
                               }
DAZSER MANAGEMENT/JANI-KING OF }
BIRMINGHAM, et al.,            }
                               }
     Defendants.               }
```

### MEMORANDUM OPINION

Before the court are motions to dismiss the above-entitled action of plaintiff, Nartica S. Glover ("Glover"). The motions are filed by all served defendants and by one defendant that alleges improper service and that it is a non-entity. On July 17, 2008, Glover filed, without leave, a second amended complaint in an effort to address some of the issues raised in the defendants' motions to dismiss. As orally indicated by the court during its regular motion docket on July 18, 2008, the second amended complaint will be deemed filed, despite the rule violation, and the motions to dismiss will be deemed reinterposed to the amended complaint.

The original complaint and the first amended complaint are classic examples of loose pleading. They name as defendants any and every corporate entity with "Dazser" or "Jani King" in its name and assert legal claims that plainly have no relation to the facts

1

alleged. Defendants and the court would have been spared a great deal of trouble had Glover put more care into the drafting of the original complaint. Her succeeding complaints are no better.

*Plaintiff's Factual Allegations*

Glover was an employee of one or more of the "Dazser" defendants from June 1, 2006 until March 28, 2007. During her employment, Glover had a sexual relationship with her supervisor, Jackie Pernell ("Pernell"), who is an unserved defendant. While she maintained this relationship with Pernell, Glover received favorable job reviews and promotions. However, after Glover ended her relationship with Pernell, she received negative job reviews and was terminated. Glover contends that she was fired because she ended her relationship with Pernell.

Glover's second amended complaint makes claims of 1) sexual discrimination, 2) hostile work environment, 3) intentional infliction of emotional distress, and 4) breach of contract. The discrimination and hostile work environment claims are apparently brought under Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 1981. Glover has a right-to-sue letter from the E.E.O.C. Although Glover makes no mention of supplemental jurisdiction, the court will construe her claims for intentional infliction of emotional distress and breach of contract as arising under Alabama law and will assume that she seeks to append them to the federal claims. This means, of course, that if all federal claims are

dismissed, the state law claims will be dismissed without prejudice for lack of jurisdiction.

*Discussion*

1. *Defendants Not Named in the Second Amended Complaint*

Some of the defendants named in the body of the first two versions of the complaint are omitted from the body of the second amended complaint, although they continue to be listed in the style.  These now omitted earlier defendants are Jani-King Franchising, Inc., Dazser-TPA Corp., Dazser/AL Corp., Dazser-Bhm Properties, LLC, and Jani-King.  What kind of entities or non-entities these are is a matter of speculation.  Glover's failure to name them, or otherwise to make mention of them, in the second amended complaint constitutes abandonment of all claims against them.  Therefore, any purported action by Glover as against these defendants will be dismissed.

2. *Dazser Management/Jani-King of Birmingham*

Dazser Management/Jani-King of Birmingham ("Dazser Management/Jani King") argues, *inter alia*, that the action against it should be dismissed because it has not been properly served and does not exist.  Specifically, it contends that Ramona Bryan ("Bryan"), the individual who purported to accept service on behalf of this alleged non-entity, was not its agent or employee.  In support of this argument, Dazser Management/Jani King has provided a declaration from Bryan stating that she is not employed by Dazser

Management/Jani King and is not authorized to accept service on its behalf.  Glover has not provided any argument or evidence to suggest that Bryan was, in fact, authorized to accept service for a corporation or other entity named Dazser Management/Jani King. In order to serve a corporate defendant, a plaintiff must serve someone authorized, either expressly or impliedly, to accept service on behalf of the corporation. *See* Fed. R. Civ. P. 4(h), Ala. R. Civ. P. 4(c)(6). "Service of process is the physical means by which personal jurisdiction is obtained over a party." *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1344 (11th Cir. 1988), *rev'd on other grounds*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989).  Because Dazser Management/Jani King has not been served, whether or not it actually exists, Glover's action as against it will be dismissed without prejudice.

3. *Dazser-Bhm Corporation and Dazser Management Corporation*

Dazser-Bhm Corporation concedes that it exists and was Glover's employer.  Glover strangely alleges that she was employed by "Dazser Management Corp. d/b/a Dazser-Bhm Corp. d/b/a Dazser Management/Jani-King of Birmingham."  The court fails to understand how a corporation can do business as another corporation while the pretend corporation is doing business under another name.  If Glover was trying to cover her bases by another piece of shotgun pleading, she only succeeded in presenting an enigma.

Both properly served defendants correctly point out that Glover's claims under 42 U.S.C. § 1981 must be dismissed because Glover does not make any allegations of racial discrimination. *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) ("It is ... settled that Section 1981 does not prohibit discrimination on the basis of gender[.]") (*citing Runyon v. McCrary*, 427 U.S. 160, 167, 96 S. Ct. 2586, 2593 (1976)). Because Glover does not claim discrimination on the basis of race, her § 1981 claims must be dismissed.

The served defendants also argue that Glover's intentional infliction of emotional distress claims should be dismissed, *inter alia*, because the facts alleged are insufficient to support such a claim. An Alabama claim for intentional infliction of emotional distress is synonymous with the tort of outrage. *See Ex parte Crawford & Co.*, 693 So. 2d 458, 460 (Ala. 1997). In order to state an outrage claim, plaintiff must allege conduct that is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and ... be regarded as atrocious and utterly intolerable in a civilized society." *Amer. Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). The Alabama Supreme Court has held that being fired for refusing a superior's sexual advances, without more, does not constitute the type of extreme and outrageous conduct that gives rise to a claim of outrage. *See McIsaac v. WZEW-FM Corp.*, 495 So. 2d 649, 651 (Ala.

1986). Here, Glover contends that she was fired after she ended her voluntary sexual relationship with Pernell. There are no allegations of the kind of egregious sexual harassment that would support an outrage claim. *See Mills v. Wex-Tex Indus., Inc.*, 991 F. Supp. 1370, 1385-87 (M.D. Ala. 1997); *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322, 324 (Ala. 1989). Put differently, Glover has failed to allege "enough facts to state a claim to relief that is plausible on its face." See *Bell Atl. Corp. v. Twombly*, –- U.S. —-, 127 S. Ct. 1955, 1974 (2007). Therefore, the outrage claims will be dismissed.

The served defendants also argue that Glover's Title VII claims against them should be dismissed because neither defendant has the requisite number of employees to make it an "employer" subject to suit under Title VII. Under Title VII, an "employer" is "a person ... who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b). Glover alleges that "defendants" (plural, but without saying which) have the requisite number of employees and that three of the defendants are "intertwined and managed, controlled, supervised and directed jointly and run by the same persons," perhaps implying a joint employer with more than fifteen employees. (Second Am. Compl. ¶¶ 10,14.) This is another example of shotgun pleading.

Both Dazser Management Corporation and Dazser-Bhm Corporation have supplied evidence, in the form of a declaration from a corporate officer, that neither has nor ever has had more than fifteen employees at any one time. In response, Glover argues that she does not yet have evidence upon which to dispute defendants' claims because discovery has not yet commenced. On this basis, Glover requests a continuance under Rule 56(f) to allow her to obtain discovery to justify her opposition to defendants' motions.

Because defendants rely on information outside the pleadings to support their contentions with respect to Title VII coverage, their motions to dismiss, as they relate to whether they qualify as "employers," will be and are hereby converted into motions for summary judgment. The court will grant Glover leave to conduct discovery limited to the question of whether any defendants or prospective defendants, either individually or collectively, had or have the requisite number of employees during the relevant time period to qualify as "employers" for purposes of establishing liability under Title VII.

### Conclusion

In accordance with the foregoing, the court will dispose of defendants' motions by separate order.

DONE this 24th day of July, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE